## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 19 2017, 7:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Kurt A. Young
Nashville, Indiana

Ruth A. Johnson
Marion County Public Defender
Agency, Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tyra Shante Sanders,
*Appellant-Defendant,*

v.

State of Indiana
*Appellee-Plaintiff.*

December 19, 2017

Court of Appeals Case No.
49A02-1705-CR-01084

Appeal from the Marion Superior Court

The Honorable Sheila A. Carlisle, Judge

The Honorable Stanley E. Kroh, Magistrate

Trial Court Cause No.
49G03-1510-F4-036905

**Mathias, Judge.**

[1] The Marion Superior Court revoked Tyra Shante Sanders's ("Sanders") probation and ordered her to serve the remainder of her suspended sentence in the Department of Correction. Sanders appeals and argues that the State failed to prove that she violated her probation.

[2] We affirm.

## Facts and Procedural History

[3] In May 2016, Sanders pleaded guilty to Level 4 burglary. She was ordered to serve 730 days with 701 days suspended to probation. As a condition of probation, Sanders was placed on GPS monitoring.

[4] Sanders was instructed to keep the GPS device charged. Specifically, Sanders agreed to charge the GPS unit for "a minimum of two hours per day or more if required to ensure the battery remains charged at all times." Tr. p. 10.

[5] On March 12, 2017, at 9:30 a.m., Community Corrections received a notification that Sanders's GPS device was off-line. A telephone call was placed to Sanders's residence at that time to notify her that the device needed to be charged. Sanders was not at home, but her mother called her to let her know that the GPS unit was not working. Sanders was at her aunt's house approximately fifteen minutes away from her residence.

[6] At 2:45 p.m., over five hours later, Sanders took her GPS unit to the GPS maintenance center. Sanders spoke to a Community Corrections employee who told Sanders that she could buy another charger or go home to charge the GPS

unit. Sanders elected to return home to use the charger she had already purchased. Sanders's GPS unit came on-line at 5:09 p.m. Aside from the brief time Sanders was at the maintenance facility, her location was unmonitored for approximately seven and a half hours.

[7] The trial court concluded that by failing to keep the GPS unit charged, Sanders violated her probation. The court observed that a significant amount of time elapsed between the 9:30 a.m. notification that the GPS unit had died and Sanders's attempt to resolve the issue by taking the unit to a maintenance facility at 2:45 p.m. that afternoon. The court stated, "I guess it begs the question why you just didn't go home and charge it at your home rather than wait at your aunt's house." Tr. p. 34. After noting her two prior violations of probation, the trial court revoked Sanders's probation and ordered her to serve the remainder of her suspended sentence. Sanders now appeals.

## Discussion and Decision

[8] Sanders argues that the State failed to prove that she violated her probation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated. *Id*. We review the trial court's decision to revoke probation for an abuse of discretion. *Id*. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id*. The State must prove the probation violation by a preponderance of the evidence. Ind. Code § 35-38-2-3(f).

[9] Sanders argues that the trial court's conclusion that she did not take the steps necessary to charge her GPS unit "within a sufficient amount of time" is not supported by the evidence. Appellant's Br. at 12. Sanders contends that the State failed to prove the time that her mother called to tell her that her GPS unit had died.

[10] Sanders was required to keep her GPS unit charged and she failed to do so. Sanders admitted that the GPS unit died at 9:30 a.m. and that a phone call was placed to her residence in the morning. Tr. p. 27. She claimed that she was unable to take her GPS unit to the downtown maintenance facility until the afternoon because she did not have a ride. Tr. pp. 27–28. This evidence is sufficient to prove by a preponderance of the evidence that Sanders was notified that her GPS unit died shortly after Community Corrections placed a call to her residence. Moreover, Sanders violated her probation simply by failing to keep the GPS unit charged. Tr. pp. 8, 10–11.

[11] For all of these reasons, the trial court acted within its discretion when it revoked Sanders's probation.

[12] Affirmed.

Vaidik, C.J., and Crone, J., concur.